## JOSEPH SHVANDA *v.* MAYOR AND CITY COUNCIL OF BALTIMORE

[No. 122, September Term, 1971.]

*Decided November 11, 1971.*

The cause was argued before MURPHY, C. J., and ORTH and MOYLAN, JJ.

*John J. Kent* and *R. Wayne Scheufele,* with whom were *Kent, Kircher & Scheufele* on the brief, for appellant.

*Richard K. Jacobsen, Assistant City Solicitor,* with whom were *George L. Russell, Jr., City Solicitor,* and *Clayton A. Dietrich, Chief Assistant Solicitor,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

Appellant Shvanda, a fireman employed by the Baltimore City Fire Department, sustained an accidental personal injury in the course of his employment on July 20, 1967. A decision of the Workmen's Compensation Commission finding that appellant was not a "workman for wages" within the meaning of Maryland Code, Article 101, Section 33 and thus not entitled to compensation was upheld by Judge Solomon Liss in a non-jury trial in

the Superior Court of Baltimore City. This appeal followed.

The facts in the case are well summarized in Judge Liss's opinion as follows: "In July of 1967, the claimant, Joseph Shvanda (then 65 years of age), had been employed as a fireman in the Baltimore City Fire Department for a period of twenty-five years. His duties included the scrubbing of walls and windows in the fire house, the polishing of floors, the handling and maintenance of the fire hose both in and out of the station, the salting of high pressure heads to prevent freezing, the shoveling of snow from fire plugs so that hose could be connected, the cleaning of debris from the site of fires and, of course, the duties required of him in fighting fires. * * *

"One of the duties of the Claimant was to direct the fire engine out of the station when it was called to attend an alarm. He would make the required adjustment to traffic and then signal the engine that it was safe to proceed. He was then required to jump on the rear of the engine when it passed him.

"On July 20, 1967, an unfortunate accident occurred. As the Claimant was attempting to board an engine which was responding to an alarm of fire, he missed his footing and was thrown off the engine. He sustained severe injuries to the head and back and suffered double vision which has continued. It is admitted that he is permanently, totally disabled and that he does require and will continue to require medical and nursing services for the remainder of his life. The Claimant was paid his full salary until July of 1968 and was then retired under the City's pension system for firemen. * * *"

Section 33 of Article 101 provides, in part:

"(a) Whenever the State, county, city or any municipality shall engage in any extra-hazardous work, within the meaning of this article, whether for pecuniary gain or otherwise, in

which workmen are employed for wages, this
article shall be applicable thereto."

Appellant claims that as a fireman he was employed in
manual labor and, as such, was a workman for wages
performing extra hazardous duties within the contem-
plation of Section 33. Specifically, he contends on au-
thority of *Baltimore v. Dukes,* 248 Md. 63, 68, that a
"workman" under Section 33 is a person employed in
manual labor; an artificer; a mechanic; an artisan; and
that the term "manual" applies to work where the physi-
cal element predominates over the mental element. The
appellee concedes that appellant was engaged in extra
hazardous work but argues that Judge Liss correctly con-
cluded that *Harris v. Baltimore,* 151 Md. 11, was dis-
positive of the question that appellant, as a fireman, was
not a workman for wages under Section 33.

In *Harris,* a Baltimore City park policeman was killed
in the performance of his duties. His widow claimed that
he was a workman for wages within the meaning of
what is now Section 33 of Article 101. The court held
that a police officer was not a workman for wages, but
rather was a public officer who, in performing public and
governmental functions, exercised a portion of the sov-
ereignty of the State. The court examined the history of
the Workmen's Compensation Act and concluded that it
was never intended to embrace the occupation of a po-
lice officer, its purpose being to protect employers and
employees engaged in industrial, commercial, and other
occupations requiring manual labor. Twice in its opinion,
the court indicated that firemen, like policemen, were not
intended to be covered under the Workmen's Compen-
sation Law. At page 25 the court said:

"* * * It certainly never occurred to the Leg-
islature, when the Act of 1914 was passed, that
a policeman, or a fireman, serving the State or
a municipality or a member of the state militia,
was a 'workman employed for wages' in the
sense that an employee in a steel mill, or a coal

miner, would be, and the act was not in our opinion intended to apply to employees of the State or a municipality engaged in such occupation. * * *"

What is now Section 33 of Article 101 has had a significant legislative history since the *Harris* case was decided. Chapter 395 of the Acts of 1927 added the following language to the Section: "The officers of the Maryland State Police force and all guards employed by any of the penal institutions of this State shall be deemed workmen for wages within the meaning of this section." By Chapters 288 and 315 of the Acts of 1937, officers of the County Police of Prince George's County and police of the town of Laurel were declared workmen for wages within the coverage of the Section. By Chapter 317 of the Acts of 1939, officers of the Montgomery County and Maryland State Police forces and guards in the State penal institutions were included under the Section. Chapter 652 of the Acts of 1939 included officers and enlisted men of the militia in time of peace within the coverage of the Section. By Chapter 433 of the Acts of 1941, "the regular members of the Police force, the paid Firemen, the Engineers and Linemen of the Electric Light Plant of Frederick City" were included as workmen for wages within the coverage of the Section. By Chapter 545 of the Acts of 1949, the Section was amended to include "the members of the Police Department and of the Fire Department of the City of Cumberland." By Chapter 490 of the Acts of 1957, Section 33 was again amended so that the Maryland State militia would be excluded from coverage whenever and so long as provisions equal to or better than those provided under the Act were made by the federal government. In 1961, by Chapter 708, "the police of all other municipal corporations in Prince George's County which are subject to the provisions of Article 11 E of the Constitution of Maryland" were added. Chapter 494, Acts of 1963, added "paid firemen employed by the Fire Department of Prince George's County," and Chapter 273 added volunteer firemen in

Harford County. By Chapter 575 of the Acts of 1965, the volunteer firemen of Harford County were deleted from the Section and an election for their coverage under the Act was provided.[1]

We think it evident, both from the holding in *Harris,* as well as from the legislative history of Section 33 that appellant, as a Baltimore City fireman, does not come within the meaning of a workman for wages under Section 33. The clear rationale of *Harris,* as explicated in *Baltimore v. Dukes, supra,* decided in 1967, "was predicated on the essentially public and governmental function of a police officer as opposed to a 'workman' who would normally be employed in the proprietary or nongovernmental functions of the municipality." At p. 67. Because appellant, as a fireman, was not a conservator of the peace and may not have exercised the sovereign power of the State to the same degree as a policeman, does not mean that the *Harris* holding is not applicable to him. In his opinion Judge Liss held that no substantial distinction existed between the park policeman involved in *Harris* and a fireman acting in the exercise of his essentially public and governmental duties as an agent of the municipality. Judge Liss held that a uniformed fireman did exercise some portion of the sovereign powers of government and, in the sense contemplated by the *Harris* decision, we agree with that conclusion.

We note, moreover, that it was the purpose of the various amendments to Section 33, heretofore delineated, "to designate as 'workmen for wages' certain employees who would not otherwise be so considered." *Clauss v. Board of Education,* 181 Md. 513, 517-518. In that case, decided in 1943, the court stated at p. 517 that the amendments to Section 33 "were probably made to meet an early decision of this court that a park policeman employed by the Board of Park Commissioners of Baltimore City was

1. Section 33 was repealed by Chapter 119 of the Acts of 1971. That Act provided, in effect, that all employees of the State and its political subdivisions would be covered by the Workmen's Compensation Law.

not a 'workman for wages,' " citing the *Harris* case. Subsequent to *Clauss,* the Legislature continued to amend Section 33 to bring within its coverage designated groups of governmental employees. If firemen or policemen were intended to be embraced within the term "workmen for wages" under Section 33, then all of the amendments to that Section specially designating various groups of persons for inclusion within its coverage, including some paid firemen, would have been unnecessary.

Appellant claims that in a footnote in *Aravanis v. Eisenberg,* 237 Md. 242, 251, the Court of Appeals, referring to Section 33, flatly held that "[f]iremen in Maryland are under the coverage of the Workmen's Compensation Act." That case involved a negligence action brought by a Montgomery County fireman against a homeowner for injuries sustained by him in the course of fighting a fire. The issue of the fireman's right to workmen's compensation benefits was not involved. The appellee alleges that the footnote in *Aravanis* must be read in light of the fact that Montgomery County had voluntarily elected to obtain a policy of workmen's compensation insurance to cover its firemen and that the injured fireman had in fact collected compensation benefits. Whether appellee is correct or not in this assessment would not change our opinion in this case. At best, the statement in *Aravanis* was dictum. In view of *Harris* and the legislative history of Section 33, we hold that appellant, as a Baltimore City fireman, was not a workman for wages under Section 33.

*Judgment affirmed; costs to be paid by appellant.*